IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY L. STULER,

      Plaintiff,                  12cv0391

                                   **ELECTRONICALLY FILED**

      v.

INTERNAL REVENUE SERVICE,

      Defendant.

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 4)

### I. Introduction and Factual Background

Currently before the Court is Defendant Internal Revenue Service's Motion to Dismiss. Doc. No. 4. The parties' dispute centers on Defendant's handling of a Freedom of Information Act (FOIA) request filed by *pro se* Plaintiff. After careful consideration of the Motion to Dismiss[1] (Doc. No. 4), Brief in Support (Doc. No. 5), and Plaintiff's Response in Opposition (Doc. No. 7), and for the reasons that follow, Defendant's Motion to Dismiss (Doc. No. 4) will be **GRANTED**.

On August 14, 2010, Plaintiff filed a FOIA request with the Internal Revenue Service. Doc. No. 2-5. Plaintiff commenced an action in this Court on October 13, 2010. *Stuler v. Internal Revenue Service*, 2:10-cv-1342, Doc. No. 1. Judge Ambrose dismissed the case on June 23, 2011, for failure to exhaust administrative remedies. 10-1342, Doc. No. 23.

---

[1] Defendant's Motion was timely filed. Fed.R.Civ.P. 12(a)(2).

**II. Standard of Review**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to

allow affidavits, documents, and even limited evidentiary hearings.  *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

## III. Discussion

The Internal Revenue Service has sent Plaintiff all documents covered by his request. Doc. Nos. 2-19; 4-4.  That is all that is required by the FOIA.  Once Defendant sent Plaintiff all responsive documents, this Court no longer had its subject matter jurisdiction.  *Kissinger v. Reporters Comm.*, 445 U.S. 136, 150 (1980); *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)); *Carter v. Veterans Admin.*, 780 F.2d 1479, 1480-81 (9th Cir. 1986). Thus, this Court does not have subject matter jurisdiction to order Defendant to comply with Plaintiff's FOIA request.

The Government must waive sovereign immunity for a Complaint against the government to proceed.  *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  5 U.S.C. § 552(a)(4)(B) provides a limited waiver of the government's sovereign immunity with respect to FOIA claims.  The government has not waived its immunity.  The remainder of the relief that Plaintiff seeks is thus barred by sovereign immunity.

## IV. Conclusion

In sum, Plaintiff's Complaint is frivolous because Defendant has already provided all the documents that Plaintiff requested.  Accordingly, Defendant's Motion to Dismiss (Doc. No. 4) will be **GRANTED**.

## <u>ORDER</u>

AND NOW, this 24th day of May, 2012, **IT IS HEREBY ORDERED** that Defendant's

Motion to Dismiss (Doc. No. 4) is **GRANTED**.  Plaintiff's Complaint (Doc. No. 2) is

**DISMISSED WITH PREJUDICE**.[2]

The Clerk of Court shall mark this **CASE CLOSED**.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF counsel/parties

**Larry L. Stuler**
565 Addison Street
Washington, PA 15301
PRO SE PLAINTIFF

---

[2]   The Court finds that any amendment of the Complaint would be futile because this Court
does not have subject matter jurisdiction.  *See In re Burlington Coat Factory Sec. Litig.,* 114
F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to
amend on the basis of . . . futility.").